ELIZA P. ALLEN

*v.*

TRUMAN D. ALLEN *et al.*

*Filed at Ottawa November 17, 1884.*

ESTOPPEL—*to claim dower in proceeds of sale of land under decree by consent.* Where land is sold under a decree entered by consent, in a proceeding for partition and the assignment of a homestead, in a case where the widow is heir to one-half the real estate, which decree provides for such sale, giving the widow $1000 in lieu of her homestead, and for the division of the proceeds, and the widow and other heirs convey all their interest in the premises to the heir purchasing, as required by the decree, no dower right being claimed, or saved in the decree, the widow, after receiving the enhanced price of a sale free from the dower incumbrance, will be estopped from afterward asserting any claim to dower in respect to the proceeds of the sale not given her as heir and for her homestead, and thus increase her allowance.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

On September 6, 1882, Eliza P. Allen, Truman D. Allen, Ambrose S. Allen and Mary J. Reece, with J. N. Reece, her husband, being the widow and heirs at law of Edwin W. Allen, deceased, filed their petition for partition of the real estate of which the latter died seized, in the circuit court of Warren county, asking the court to give to Eliza P. Allen, the widow, a homestead, and to make division of the residue between her, Truman D. Allen, Ambrose S. Allen and Mary J. Reece, giving the widow one-half and the others one-sixth of the residue, the petition being silent as to the right of dower on the part of the widow, and praying for general relief. On September 25, 1882, the court made a decree that the widow have set off to her a homestead of $1000 in value, and that one-half the lands be set off to her in fee simple, the other half to the other parties, one-sixth to each, appointing commissioners to make the partition. On October

20, 1882, the commissioners filed their report, showing an assignment of homestead and partition of the lands in accordance with the decree. Up to this point the proceedings were *ex parte*, one firm of attorneys acting as solicitors for all parties. On said 20th of October the brothers of the deceased, Truman D. and Ambrose S. Allen, by leave of court, became parties defendant, and were dismissed as complainants. They filed exceptions to the report of the commissioners dividing the lands, and reference was made to the master to take proofs.

On December 23, 1882, the parties, complainants and defendants, by their respective solicitors, came into court, and a decree was entered as follows: It recites that the commissioners theretofore appointed made report that the lands were so circumstanced that a division thereof could be made without manifest prejudice to the parties interested, and made partition of the premises; that the said report as to the partition and division was now, by consent of all the parties in interest, set aside; and that the parties in interest having agreed that the premises were not divisible without manifest prejudice to the parties interested therein, and that the same should be sold, and that the parties having consented and requested that the court order and decree such sale, the sale was decreed; and it was ordered that the widow's homestead money should be first paid out of the proceeds, next the costs of the proceeding, and that afterwards the remainder should be paid to the parties according to their respective rights and interests therein, as had theretofore been determined by the court; and it was further ordered, that upon such sales being made and confirmed by the court, the parties should make the purchaser or purchasers quitclaim deeds conveying all the right, title and interest of such parties in and to the lands.

On May 7, 1883, the master filed his report, showing a sale under the decree of all the lands, for $24,642, all being sold to Truman D. Allen, Eliza P. Allen and Jasper N. Reece,

parties to the proceeding. On June 6, 1883, the court entered a decree directing the master, after the deduction of costs and attorney's fees, and $1000 for the homestead right, to divide the remainder,—one-half to the widow, the other half to the three next of kin, in equal parts. October 11, 1883, the master filed his report, showing that he had collected the whole amount of the purchase price of the lands, and after deducting the other payments allowed, distributed the balance,— one-half to Eliza P. Allen ($11,461.01), to Mary J. Reece one-sixth ($3820.33), to Truman D. Allen two-sixths ($7640.68); and on said October 11, 1883, the court entered a decree confirming said report, and directing the cause to be stricken from the docket. On November 3, 1883, being one of the days of the September term, A. D. 1883, of the court, the complainants, Eliza P. Allen, Mary J. Reece and J. N. Reece, entered a motion to set aside and vacate the final decree of October 11, 1883, and give to Eliza P. Allen her dower in one-half the lands, or in the proceeds derived from the sale thereof. On the hearing of the motion, the affidavits of Truman D. Allen, and Homer Allen, his son, who bid off for his father the land purchased by him, (two hundred and thirty-five acres,) were introduced, which affidavits showed that the land was so purchased by Truman D. Allen in reliance upon there being no right of dower therein; that had he supposed it to be incumbered with dower, he would not have bid more than $50 per acre, instead of the bid of $65 per acre which he did make; and there were other affidavits that a dower right in the lands would make a difference of at least $15 per acre in the value of the lands. Affidavits were introduced by the complainants to the effect that the land was worth, on the market, all that Allen paid for it. The court overruled the motion, and confirmed the former order of distribution of the proceeds derived from the sale. From this decision complainant, Eliza P. Allen, appeals.

Messrs. PORTER & PORTER, for the appellant: .

The failure to claim dower in the petition will not bar the widow of that right. The court should grant such relief as the facts alleged show she is entitled to. *Allen* v. *Woodruff*, 96 Ill. 11; *Smith* v. *Smith*, 85 id. 189; *Harvey* v. *Allen*, 16 Blatchf. 29; Story's Eq. Pl. secs. 40-42.

The court has jurisdiction of the parties and of the subject matter, and it is a rule of equity practice that when the court acquires jurisdiction of the subject matter, for any purpose, it will retain it for all purposes necessary to do complete justice. *Labadie* v. *Hewitt*, 85 Ill. 344; *Carter* v. *Penn*, 99 id. 390; *Henrichsen* v. *Hodgen*, 67 id. 179; *Sherlock* v. *Village of Winnetka*, 59 id. 389; *Henson* v. *Moore*, 104 id. 403; *Murphy* v. *Loose*, id. 514.

By the modern practice, on the final hearing of a suit in chancery, all previously rendered decretal orders are before the court, and may be altered, modified or vacated, as justice may require. *Gibson* v. *Rees*, 50 Ill. 410; *Faunniquet* v. *Perkins*, 16 How. 82.

We contend that the widow, having consented to a decree for the sale of the entire premises, stands precisely as she would had she, under section 32 of the Partition act, given her assent in writing, and filed the same in the court wherein the proceedings were pending, and that it was the duty of the court, on final hearing, to have ascertained the value of the dower estate in the lands, as it did the value of her homestead, and to order it paid over in gross, or one-third the amount which was distributed to the next of kin, invested, and the income paid over to her during her life, according to the provisions of section 34 of said act. Sections 38 and 39 of said act gave the court ample power to do so. *Merritt* v. *Merritt*, 97 Ill. 243; *Gage* v. *Reid*, 104 id. 509; *Hopkins* v. *Medley*, 99 id. 509; 97 id. 402; *Gage* v. *Lightburn*, 93 id. 248; *Miller* v. *McMannis*, 104 id. 421.

Messrs. LANPHERE & BROWN, for the appellees:

This being a consent decree, no appeal or writ of error lies. The evidence shows that the distribution, as well as the sale, was made by consent, and the execution of the quitclaim deed shows such to be the fact. 2 Daniell's Ch. Pr. 1179; *Flagler* v. *Crow,* 40 Ill. 414; *Armstrong* v. *Cooper,* 11 id. 540; *Holderman* v. *Graham,* 61 id. 362; *Mason* v. *Patterson,* 74 id. 191; *Haas* v. *Chicago Building Society,* 80 id. 248.

We submit, the quitclaim deed of Eliza P. Allen bars her dower, and her right to claim dower out of the purchase money, inasmuch as it conveys all her rights, legal and equitable. Sec. 10, Stat. Conveyances, on force and effect of quitclaim deed; Bigelow on Estoppel, 475, 480.

All the elements of estoppel are in this case. *Doane* v. *Walker,* 101 Ill. 628; *Mason* v. *Patterson,* 74 id. 191; *Vilax* v. *Mason,* 25 Wis. 325; *Hoppin* v. *Hoppin,* 96 Ill. 265; *Heard* v. *Hall,* 16 Pick. 457.

It was Mrs. Allen's duty to have set up her claim to dower, in her petition. Rev. Stat. sec. 5, Partition act.

The rights of a widow may be lost by *laches,* the same as in other cases. *Steele* v. *Gellatly,* 41 Ill. 39; *Whiting* v. *Nichol,* 46 id. 230.

Attorneys filing motions to reinstate, go upon the theory that appellant is not bound by the acts of former attorneys,— that their ignorance and appellant's ignorance of the law is a reason for reinstating the case. Not conceding that the advice of appellant's first attorneys in respect to dower in the "other half" is wrong, we insist that mistakes of law, as herein claimed, can not be corrected. 1 Story's Eq. Jur. sec. 111; *Beebe* v. *Swartwout,* 3 Gilm. 163; *Goltra* v. *Sanasack,* 53 Ill. 457.

Appellant is bound by the acts of her attorneys. *Wilson* v. *Spring,* 64 Ill. 16, and cases cited therein.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The decree of December 23, 1882, was one by consent, the widow, Eliza P. Allen, being one of the parties thereto. By the decree, the parties were to make quitclaim deeds to the purchasers of the lands under the decree, of all their right, title and interest in and to the lands. The lands, then, by the decree, were to be sold free from any claim of dower. All the lands were sold under the decree, to parties to the suit. Truman D. Allen, in reliance upon the decree, and the supposition, which he had the right to entertain, that the lands were sold unincumbered by dower, purchased two hundred and thirty-five acres of the land, at $65 per acre. The parties, the widow among the rest, executed to the purchasers quitclaim deeds of all their right and interest in the lands, as provided by the decree. The proceeds of the sale were distributed,—$11,461 to the widow, and $7640.68 to Truman D. Allen,—and all was confirmed by the court. The claim that after all this, Eliza P. Allen, the widow, should be permitted to come in and assert a dower right with respect to the money derived from the sale, does not appear to have any equitable consideration for its support. She held out, by her conduct and acquiescence, the idea to purchasers that the lands were to be sold free from any claim of dower on her part. The lands were sold as being free from dower right, and so at a correspondingly higher price on that account. She executed a quitclaim deed of her right and interest in the land, in conformity with the decree. She received her share of the proceeds of the sale, considerably enhanced in amount because of the sale being free from her dower right. Truman D. Allen made the large bid that he did under the expectation that his full share of the proceeds of the sale would come to him without being diminished in amount by allowance of a dower right out of it. The motion made does not go to the disturbance of the sale, or the consent decree for the sale, but

rests content therewith, and only seeks to have the order of distribution modified, to increase the widow's allowance by the addition to it of the amount of a dower right, she retaining in her hands her share of the moneys from the sale, clear of her dower right. She has enjoyed the benefit of her dower in the increased amount which she has received from the sale of the lands, because of the sale being made free from the claim of dower. We are clearly of opinion that the widow is concluded by the consent decree, and what transpired subsequently, from asserting the claim which she now makes.

This renders it unnecessary to consider the point which has been made, whether, under our statute as it now stands, there being a widow and no child or children, or descendant of a child or children, the widow is entitled to dower in the one-half of real estate descending to the next of kin.

The judgment of the court below is affirmed.

*Judgment affirmed.*